IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| RUBY C. TUCKER, | ) | |
| | ) | |
| Plaintiff, | ) | 4:13CV3209 |
| | ) | |
| v. | ) | |
| | ) | |
| ALBERT J. HALLS, M.D., | ) | **MEMORANDUM** |
| PEOPLE'S HEALTH CENTER, | ) | **AND ORDER** |
| JEFFREY D. MATTHES, M.D., | ) | |
| DONALD H. BREIT, M.D., | ) | |
| LINCOLN RADIOLOGY GROUP, | ) | |
| P.C., PATRICK A. KEELAN, M.D., | ) | |
| PATHOLOGY MEDICAL | ) | |
| SERVICES, P.C., CAROLYN S. | ) | |
| CODY, M.D., and NEBRASKA | ) | |
| SURGICAL SPECIALISTS, L.L.C. | ) | |
| d/b/a LINCOLN BREAST CENTER, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

    This is a medical malpractice action originally filed in the District Court of Lancaster County, Nebraska.  Defendants Albert J. Halls, M.D., and People's Health Center removed the action to this court under the authority of 42 U.S.C. § 233(c). (Filing 1.)  These defendants now move to dismiss Plaintiff's negligence claim against them for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1) because Plaintiff has failed to exhaust her administrative remedies under the Federal Tort Claims Act. (Filing 12.)  Plaintiff has not filed a response to these defendants' motion to dismiss.

Pursuant to the reasoning set forth in *Divers v. Halls*, No. 4:12CV3226, 2013 WL 459633 (D. Neb. Feb. 7, 2013), and because the motion to dismiss filed by defendants Albert J. Halls, M.D., and People's Health Center is unopposed, I conclude that Plaintiff has failed to exhaust her administrative remedies. Therefore, the court is without subject matter jurisdiction to consider Plaintiff's negligence claim against Albert J. Halls, M.D., and People's Health Center, and this matter will be dismissed as against these defendants without prejudice. Prior to such dismissal, the United States will be substituted as a named party defendant in the place of Albert J. Halls, M.D., and People's Health Center.

As to Plaintiff's state-law negligence claim against the remaining defendants, this court does not appear to have original jurisdiction under 28 U.S.C. § 1332 because complete diversity of citizenship is lacking. Further, assuming the court has supplemental jurisdiction over this claim,[1] exercise of such jurisdiction will be

---

[1] As stated in *Divers*, 2013 WL 459633, at *3 n.7,

> Arguably, supplemental jurisdiction does not exist in this case because the court lacks subject matter jurisdiction over the FCA claims that served as the basis for the removal of the action from state court. *See, e.g.*, *Rosenblatt v. St. John's Episcopal Hosp.*, No. 11–CV–1106 (ELK)(CLP), 2012 WL 294518, *9–10 (E.D.N.Y. Jan. 31, 2012) (dismissal of plaintiff's medical malpractice claims against the United States, which was substituted as defendant in place of physician deemed a federal employee under FSHCAA, divested the court of original federal jurisdiction over any claim and thus precluded the exercise of supplemental jurisdiction over plaintiff's remaining state-law claims); *Chibuike Acuna ex rel. Acuna v. County of Kern*, No. 1:10–CV–00734 AWI JLT, 2010 WL 2471406, *1 (E.D. Cal. June 15, 2010) (same). In this circumstance, remand to state court is required by 28 U.S.C. § 1447(c) ("If at any time before final judgment it

declined because there is no good reason for this action to remain in federal court. *Divers*, 2013 WL 459633, at *3. Accordingly,

IT IS ORDERED:

1. Pursuant to 42 U.S.C. § 233(c) and 28 U.S.C. § 2679(d), the United States is substituted as a party defendant in place of Albert Halls, M.D., and People's Health Center.

2. The motion to dismiss filed by Albert Halls, M.D., and People's Health Center (Filing 12) is granted, and all claims alleged against the United States (i.e., all claims alleged against Albert Halls, M.D., and People's Health Center) are dismissed without prejudice for the plaintiff's failure to exhaust administrative remedies as required by the Federal Tort Claims Act.

3. Pursuant to 28 U.S.C. § 1367(c)(3) and 28 U.S.C. § 1447(c), this case is remanded to the District Court of Lancaster County, Nebraska.

4. Judgment shall be entered by separate document.

5. The Clerk of Court is directed to mail certified copies of (a) the Judgment and (b) this Memorandum and Order to the Clerk of the District Court of Lancaster County, Nebraska, and may take any other action necessary to effectuate the remand.

DATED this 6th day of March, 2014.

---

appears that the district court lacks subject matter jurisdiction.").

3

BY THE COURT:

*Richard G. Kopf*
Senior United States District Judge

---

*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.